UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | CRIMINAL ACTION |
| v. | ) ) | NO. 17-40013-TSH |
| JOSHUA LUNDBERG, Defendant. | ) ) ) ) |  |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION OF MOTION FOR COMPASSIONATE RELEASE**
**January 14, 2021**

**HILLMAN, D.J.,**

**Background**

Joshua Lundberg ("Mr. Lundberg") pled guilty to possession of child pornography in violation of 18 U.S.C. §2252A(a)(5)(B) and on September 25, 2018 was sentenced. to one-hundred twenty months' imprisonment followed by ten years of supervised release. He is currently incarcerated at the Federal Correctional Institute Allenwood Low in Pennsylvania ("FCI Allenwood"). As of the date of this Order, he has completed approximately half of his sentence and is set to be released on December 13, 2024[1].

On May 4, 2020, Mr. Lundberg filed a motion for compassionate release pursuant to 18 U.S.C. § 3582 (Docket No. 110) due to the ongoing pandemic. On May 21, 2020, after hearing, I denied Mr. Lundberg's motion without prejudice to renew it should there be a change in

---

[1] This projected release date assumes that Mr. Lundberg receives the maximum good time credit for which he is eligible. To date, Mr. Lundberg has a clean disciplinary record.

circumstances to his health or the containment of COVID-19 at the facility.[2] On December 17, 2020, Mr. Lundberg filed a renewed motion for compassionate release (Docket No. 120) citing a significant increase of positive COVID-10 cases at FCI Allenwood. In support of his motion, Mr. Lundberg cites the danger that COVID-19 poses to his health and safety given the dramatic change of conditions at FCI Allenwood.  More specifically, at the time he filed his renewed motion, FCI Allenwood had 57 inmates and 9 staff members actively positive with COVID-19 and at some point, the number was in the hundreds. As of today's date, circumstances have improved: FCI Allenwood currently has 26 inmates and 14 staff members actively positive with the virus.[3]  FCI Allenwood has not reported any deaths attributable to COVID-19. While improved, the conditions at FCI Allenwood are serious and must be balanced against the following facts:  Mr. Lundberg is 37 years old (which does not place his at higher risk), suffers from asthma, high cholesterol and was a former smoker (which place him at higher risk)[4], and has served only about half of a 120-month sentence.  After balancing the applicable factors set forth in my prior Order and discussed more fully below, I have determined that Mr. Lundberg has not met his burden to show the existence of extraordinary circumstances warranting release under 18 U.S.C. § 3582(c)(1)(A).

## Discussion

Section 3582(c) begins with the general principle that a "court may not modify a term of imprisonment once it has been imposed ... ."  Upon motion of the Director of the Bureau of Prisons

---

[2] At the time that Mr. Lundberg filed his original motion, there were no reported inmates actively suffering from the virus.

[3] According to the Government, the number of active positive cases is 9. Regardless of the exact number, it is clear it has decreased significantly.

[4] Mr. Lundberg has submitted an opinion by the Director of Nursing Glenbeigh Hospital in Ashtabula County, Ohio, an Affiliate of the Cleveland Clinic, concluding that because of Mr. Lundberg's asthma and various mental health conditions, including anxiety and major depressive disorders, he is at higher risk to suffer severe complications should he contract COVID-19.

or a defendant[5], however, a court may "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." *Id.* § 3582(c)(1)(A). Mr. Lundberg argues that the fact that he suffers from asthma and several other medical conditions that place him in a higher risk category should he contact the virus, and the situation at FCI Allenwood where he is currently incarcerated, constitute extraordinary and compelling reasons justifying his release. After considering the current and potential prospective impact of the pandemic together with an individualized assessment of relevant factors as they pertain to Mr. Lundberg — (1) his health conditions that place him at increased risk of serious illness or death from COVID-19; (2) the health, safety, and living conditions at the facility where he is housed, any specific crowding issues, and the specific steps taken by the facility in response to the spread of COVID-19; and (3) the crime of conviction and length of his remaining sentence— for the reasons set forth below, I find that he has not met his burden.

Individuals like Mr. Lundberg are at risk of exposure to the virus. While FCI Allenwood has undertaken extensive measures to protect its inmates recent statistics show that, despite the prison's best efforts, the virus can appear suddenly and spread quickly in the prison population. While I cannot find that Mr. Lundberg's risk of exposure is insignificant, based on the current number of positive cases, the situation at FCI Allenwood has improved since he filed his renewed motion for release, and therefore, it appears that the facility has the recent outbreak under control. I will also note that some of the health conditions cited by Mr. Lundberg are a consequence of

---

[5] It is not clear whether Mr. Lundberg filed or was required to file a renewed request for release with the warden prior to filing the instant motion. In any event, I will assume he has exhausted his administrative remedies.

being incarcerated and have and will continue to exist regardless of the pandemic—such conditions do not meet the criteria for compassionate release.  I also find it *very* significant that Mr. Lundberg has a significant amount of time still to serve on his 120-month sentence.  Moreover, I cannot find that Mr. Lundberg, who has previously offended while on probation for similar crimes, would not pose any significant danger to the public if released.[6]  On balance, his release at this time is not consistent with the § 3553(a) factors. Accordingly, his motion for compassionate release is *denied.*[7]

### Conclusion

Defendant's Renewed Motion For Compassionate Release Pursuant To 18 U.S.C. § 3582(c)(1)(A) (Docket No. 120) is ***denied***.

**SO ORDERED**

/s/ *Timothy S. Hillman*
**Timothy S. Hillman**
**UNITED STATES DISTRICT JUDGE**

---

[6] Mr. Lundberg represents that he will live with his parents and be subject to home confinement and would seek both substance abuse and sex offender mental health treatment. I do not find that such measures would be sufficient.

[7] Because I find that Mr. Lundberg has failed to establish that he is entitled to compassionate release, I need not address the Government's argument that in his plea agreement he waived the right to seek such relief.